132 P.3d 392

Dale J. THOMAS, Plaintiff–Respondent,

v.

Daniel R. MADSEN, Defendant–Appellant.

No. 31172.

Supreme Court of Idaho,
Boise, February 2006 Term.

March 10, 2006.

F. Randall Kline, Chtd., Pocatello, for appellant.

Steven R. Fuller Law Office, Preston, for respondent.

EISMANN, Justice.

This is an appeal from a judgment affirming an implied easement by prior use and awarding attorney fees under Idaho Code § 12–121. We uphold the finding of an easement and reverse the award of attorney fees.

## I. FACTS AND PROCEDURAL HISTORY

On May 5, 1970, defendant Dale J. Thomas (Thomas) and his wife purchased a 50–acre parcel of property from Dale's father. The property had been in his family since 1878. It is almost-square in shape and is bounded on its southern side by a public highway. There is also a canal that runs diagonally across the property from the southwest to the northeast.

A red brick house had been moved onto the property in 1900. It was located near the center of the southern boundary, not far off the highway. A dirt driveway provided access from the highway to the west side of the brick house and then turned northwest-wardly to access the farm property, including a cattle-feeding operation located on it. Thomas moved into the brick house when he was six years old. His parents lived there until his father died in 1977 and his mother moved out in 1980.

On August 5, 1996, Thomas and his wife gifted a ½-acre parcel of the property to their son Dale L. "Dale Roy" Thomas (Dale Roy) and his second wife. That parcel is located just to the west of the red brick house, but is closer to the highway. It is bounded by the highway on its southern boundary, and it included the southern portion of the drive-way used to access the brick house and the farmland. Prior to gifting the parcel to Dale Roy, Thomas and his wife had also gifted to their daughter a ½-acre parcel located east of the brick house.

Dale Roy and his second wife lived in the red brick house from about 1994 until 1996, when they put a manufactured home on the ½-acre parcel and moved into it. Some time later, a lending institution acquired title to the property through foreclosure proceed-ings, and on June 18, 2002, it sold the parcel to Daniel R. Madsen (Madsen).

In 2003, Madsen erected a fence along the boundary of his property, enclosing the southern portion of the dirt road inside the fence. He also installed a locked gate where the driveway connects to the public highway.

At all times relevant to these proceedings, Thomas had been regularly using the drive-way to access his farming and cattle-feeding operations. He used it twice a day for the latter purpose. When confronted with the locked gate and Madsen's refusal to unlock it, Thomas cut the chain so that he could have hay delivered to his cattle. This litiga-tion then ensued.

Thomas filed this action seeking a determi-nation that he has an easement across Mad-sen's property, either by prescription or by implication; an injunction barring Madsen from interfering with that easement; and damages.[1] Madsen counterclaimed, seeking damages for trespass and a decree quieting his title in the real property. After a court trial, the district judge found that Thomas had an easement by prescription and an im-plied easement from prior use. It entered a judgment accordingly, and awarded Thomas attorney fees under Idaho Code § 12–121. Madsen then timely appealed.

## II. ISSUES ON APPEAL

A. Did the district judge err in finding an implied easement from prior use?

B. Did the district judge err in finding an easement by prescription?

C. Did the district judge err in awarding the respondent attorney fees pursuant to Idaho Code § 12–121?

D. Is the respondent entitled to an award of attorney fees on appeal pursuant to Idaho Code § 12–121?

## III. ANALYSIS

### A. Did the District Judge Err in Finding an Implied Easement from Prior Use?

 A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 55 P.3d 304 (2002); Idaho R. Civ. P. 52(a). When deciding whether findings of fact are clearly errone-ous, this Court does not substitute its view of the facts for that of the trial court. *Id.* It is the province of the trial court to weigh con-

---

1. The trial court did not address Thomas's claim for damages in its memorandum decision, and so

that claim may have been dropped during the litigation.

flicting evidence and to judge the credibility of witnesses. *Id.* On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence. *Id.* Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Id.*

■ In order to establish an implied easement by prior use, the party asserting the easement must prove three elements: (1) unity of title or ownership and a subsequent separation by grant of the dominant estate; (2) apparent continuous use long enough before separation of the dominant estate to show that the use was intended to be permanent; and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate. *Davis v. Peacock*, 133 Idaho 637, 991 P.2d 362 (1999). There is no dispute regarding the first two elements. The dispute centers solely upon the district judge's finding that the easement across Madsen's property was reasonably necessary to the proper enjoyment of Thomas's property.

■ Strict necessity is not required for the creation of an implied easement by prior use. *Id.* All that is required is reasonable necessity. *Id.* Because the implied easement from prior use is created at the time of severance, the issue of reasonable necessity is based upon the circumstances that existed at that time. *Id.* A later change in circumstances is not relevant to the creation of the easement. *Id.*

The parcel now owned by Madsen was severed from Thomas's property by a gift deed dated August 5, 1996.[2] The dirt driveway had been used continuously for almost 100 years. Thomas testified that the driveway has been in existence since 1898 and that it had been used to access the red brick house since 1900 when the house was moved onto the property. The driveway adjoined a parking area on the west side of the red brick house, where the house's main entrance was. The driveway was also the sole access to the feedlot, to various outbuildings, and to the adjoining farmland. It was used as needed, including for driving farm equipment to and from the field; for trucks hauling hay, corn, and silage; and for delivering fuel to the red brick house. At the time of severance, Thomas was using the road at least twice a day to access his feedlot, and the red brick house was occupied by Dale Roy and his wife.

Thomas's use of the dirt driveway was apparent. As the district judge found, "It is obvious to anyone going on the property of Madsen that the driveway provides access to the red brick house and Thomas' feed yard, stack yard, outbuildings and field."

It is obvious from the facts of this case that Thomas intended the driveway to be permanent. He testified that the driveway had been maintained as long as he could remember (he was age 74 at the time of trial), and since 1953 he had been maintaining it by spreading loads of gravel on it. When the parcel now owned by Madsen was severed in 1996, Thomas did not alter his use of the driveway, nor did he cease maintaining it.

■ Madsen argues that part of Thomas's property borders the public highway and therefore it was not landlocked. He could have simply built another access road. Because an implied easement from prior use requires only reasonable necessity, not great present necessity, there is no requirement that the dominant estate be landlocked. *Davis v. Peacock*, 133 Idaho 637, 991 P.2d 362 (1999). Thomas testified that because of the wet conditions in his adjoining field much of the year, he would have to build quite a foundation for a new road. The district judge found "that constructing a road of the same quality would require considerable expense and time." The district judge viewed the premises and therefore had the advantage of correlating the evidence to the actual situation on the ground. It was for him to balance the respective convenience, inconvenience, costs, and other pertinent facts. *Ei-*

---

**2.** A correction gift deed dated December 26, 1996, was issued to correct the legal description in the first gift deed.

*senbarth v. Delp,* 70 Idaho 266, 215 P.2d 812 (1950).[3] The district judge's finding that Thomas's claimed easement was reasonably necessary to the proper enjoyment of his property is supported by substantial and competent evidence. We therefore affirm the finding that Thomas has an implied easement by prior use.

### B. Did the District Judge Err in Finding an Easement by Prescription?

The district judge also found that Thomas had an easement by prescription. The primary issue was whether Thomas's use of the driveway across the property of his son was adverse. Madsen argued that the family relationship between Thomas and his son should create a presumption that Thomas's use of the driveway was not adverse. He relied upon *Cope v. Cope,* 158 Mont. 388, 493 P.2d 336, 338 (1971) ("[I]t is a general principle of law that members of a family may not acquire an easement by prescription against each other in the absence of a showing of a clear, positive, and continued disclaimer and disavowal of title."). Because we have upheld the implied easement by prior use, we need not address whether the facts also supported the district judge's finding that Thomas had obtained an easement by prescription.

### C. Did the District Judge Err in Awarding the Respondent Attorney Fees Pursuant to Idaho Code § 12–121?

The district judge awarded Thomas attorney fees pursuant to Idaho Code § 12–121. For an award of attorney fees under that statute to be appropriate, Madsen's entire defense of this action would have to have been frivolous, unreasonable, or without foundation. *McGrew v. McGrew,* 139 Idaho 551, 82 P.3d 833 (2003). If there is a legitimate, triable issue of fact or a legitimate issue of law, attorney fees may not be awarded under this statute even though the losing party has asserted factual or legal claims that are frivolous, unreasonable, or without foundation. *Id.* An award of attorney fees under Idaho Code § 12–121 must be

supported by adequate findings which, in turn, are supported by the record. *Id.* We review a trial court's award of attorney fees under the statute under an abuse-of-discretion standard. *Callaghan v. Callaghan,* 142 Idaho 185, 125 P.3d 1061 (2005).

The district judge found that the defenses asserted by Madsen were frivolous. One of them was Madsen's reliance upon *Cope v. Cope,* 158 Mont. 388, 493 P.2d 336 (1971), as a defense to Thomas's claim of an easement by prescription. Relying upon *Cope,* Madsen argued that there should be an inference that Thomas's use of a driveway across his son's property was permissive. Although the district court rejected that argument, Madsen's assertion of it was not frivolous. No appellate court in Idaho has addressed whether there should be an inference or presumption that one family member's use of a road across another family member's property is permissive.

Another defense the district court found frivolous was Madsen's assertion that the easement was not reasonably necessary for Thomas's enjoyment of his property because his property was not landlocked. The district court held that under *Davis v. Peacock,* 133 Idaho 637, 991 P.2d 362 (1999), Madsen's argument in this regard "cannot be supported as a matter of law." *Davis v. Peacock* does not hold that the ability to construct an alternative route is irrelevant. It merely holds that the ability to construct another access road does not, as a matter of law, preclude a finding of reasonable necessity. The determination of whether an easement was reasonably necessary still requires the trial court to balance the respective convenience, inconvenience, costs, and other pertinent facts. This defense asserted by Madsen was not frivolous, unreasonable, or without foundation.

Although there was no merit in some defenses asserted by Madsen, all of them were not frivolous, unreasonable, or without foundation. Therefore, the district judge abused his discretion in awarding Thomas attorney fees under Idaho Code § 12–121.

---

3. Although the *Eisenbarth* case involved a private condemnation action under Idaho Code § 7–701(5), its analysis of the reasonable necessity required for the private condemnation of a road is also applicable to the reasonable necessity required for an implied easement by prior use.

**D. Is the Respondent Entitled to an Award of Attorney Fees on Appeal Pursuant to Idaho Code § 12–121?**

Thomas seeks an award of attorney fees on appeal pursuant to Idaho Code § 12–121. Attorney fees can be awarded on appeal under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves*, 138 Idaho 64, 57 P.3d 775 (2002). Because Madsen has prevailed in part on appeal, his appeal was not brought frivolously, unreasonably, or without foundation. *BHA Investments, Inc. v. City of Boise*, 141 Idaho 168, 108 P.3d 315 (2004). Therefore, we will not award Thomas attorney fees on appeal.

### IV. CONCLUSION

We affirm the judgment of the district court holding that Thomas has an implied easement by prior use. We reverse the award of attorney fees against Madsen based upon Idaho Code § 12–121. Because both parties have prevailed in part, we do not award costs or attorney fees on appeal.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.

