189 P.3d 463

**MBNA AMERICA BANK, N.A.,**
**Plaintiff–Respondent,**

v.

**Michelle FOUCHÉ, Defendant–Appellant.**

**No. 34054.**

Supreme Court of Idaho,
Boise, June 2008 Term.

July 1, 2008.

Belnap, Curtis & Williams, PLLC, Boise, for appellant. R. Wade Curtis argued.

Wilson & McColl, Boise, for respondent. Alec T. Pechota argued.

EISMANN, Chief Justice.

This is an appeal from a judgment based upon the confirmation of an arbitration award. Because the plaintiff failed to prove that the parties had agreed to arbitration, we reverse the order confirming the award. We vacate the judgment and remand for determination of the plaintiff's breach of contract claim.

## I. FACTS AND PROCEDURAL HISTORY

Michelle Fouché obtained a credit card from MBNA America Bank, N.A., (MBNA) on February 13, 1996. MBNA later contended that she had not paid the amount due on the credit card, and in 2002 it commenced arbitration proceedings. Fouché objected, asserting that she had never agreed to arbitrate any disputes with MBNA. It continued with the arbitration and obtained an award of $23,214.18 on November 11, 2002.

On September 3, 2003, MBNA filed this action against Fouché for breach of contract to recover the amount allegedly owing on the credit card. MBNA later amended its complaint to add a claim seeking confirmation of the arbitration award. It also sought to dismiss its breach of contract claim on the ground it would be moot if the arbitration award was confirmed, but the court declined to rule on that motion until the arbitration claim was resolved.

Fouché appeared in the action *pro se.* She denied the existence of an agreement to arbitrate and filed a counterclaim against MBNA and its counsel alleging fraud, misrepresentation, abuse of judicial process, and violation of consumer protection laws. The district court later severed Fouché's claim against MBNA's counsel and ordered that she file it as a separate lawsuit.[1]

MBNA filed a motion to confirm the arbitration award and Fouché filed a motion to vacate the award. Because the motions were supported by affidavits, the district court treated them as motions for summary judgment. The district court held that there was a disputed issue of material fact as to whether there was an agreement to arbitrate.

On March 1, 2005, MBNA moved for reconsideration of its application for confirmation of the arbitration award. It supported the motion with the affidavit of one of its assistant vice presidents Ken Ballinger. He stated that a true and correct copy of the cardholder agreement regarding Fouché's account was attached as Exhibit A to his affidavit. The copy of the attached credit card agreement did not contain an agreement to arbitrate, but it did include a provision permitting MBNA to amend the agreement. Ballinger also stated in his affidavit that on or about December 20, 1999, a notice was sent to all MBNA cardholders, including Fouché, informing them that MBNA was amending the cardholder agreements to add a provision requiring mandatory arbitration of claims between MBNA and the cardholders. The notice gave the cardholders the option of rejecting the amendment by giving written notification to MBNA by January 25, 2000. Ballinger averred that MBNA's records indicated that Fouché had not rejected the amendment. Fouché filed an opposing affidavit in which she stated that she had never received the notice regarding the amendment to add a provision requiring arbitration. The district court denied the motion for reconsideration. It held that there was a factual issue as to whether there was "a valid arbitration agreement between the plaintiff and the defendant."

The case was tried to the court on June 8, 2006. After the trial, the district court issued a written opinion finding that Fouché entered into a cardholder agreement with MBNA that permitted MBNA to amend the agreement; that MBNA gave Fouché written notice it was amending the agreement to add a provision requiring mandatory arbitration; and that she did not elect to reject that amendment. The court confirmed the arbitration award in the sum of $23,214.18 and held that MBNA's alternative count to collect the amount owing under the cardholder agreement was moot. It entered judgment against Fouché for the amount of the award plus prejudgment interest in the sum of $10,730.68 and court costs and attorney fees in the sum of $6,597.00. Fouché then timely appealed. After she filed her notice of appeal, Fouché retained counsel to represent her on the appeal.

## II. ISSUES ON APPEAL

1. Is the district court's finding that there was an agreement to arbitrate supported by substantial and competent evidence?

2. Is either party entitled to an award of attorney fees on appeal?

### III. ANALYSIS

**A. Is the District Court's Finding that There Was an Agreement to Arbitrate Supported by Substantial and Competent Evidence?**

■ The original cardholder agreement between Fouché and MBNA did not include

---

1. The court also ordered that she did not have to pay another filing fee when filing the separate lawsuit.

an arbitration provision. The district court found that the original agreement included a provision giving MBNA the right to unilaterally amend the agreement and that it later did so in December 1999 when it sent Fouché written notification that it was adding a mandatory arbitration provision to her cardholder agreement. She contends on appeal that there is no evidence supporting the district court's finding that the original cardholder agreement contained a provision granting MBNA the right to unilaterally amend it.

■■■ "A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous.... On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence." *Thomas v. Madsen*, 142 Idaho 635, 637–38, 132 P.3d 392, 394–95 (2006) (citation omitted).

MBNA did not offer its original cardholder agreement with Fouché into evidence at the trial. There was no evidence offered at trial on the issue of whether that agreement included a provision granting MBNA the right to unilaterally amend the agreement. In support of the trial court's finding that it had the right to amend the cardholder agreement, MBNA makes four arguments.

First, it contends that at the beginning of the trial, both parties acknowledged that the only issue to be tried was whether Fouché had received notification of the amendment adding an arbitration clause to her cardholder agreement. MBNA's assertion is not accurate. At the beginning of the evidentiary hearing, the district court stated that the issue to be tried was "whether or not there was a valid arbitration agreement between plaintiff and the defendant." MBNA's counsel responded that "the Court's pretty well aware of what the limited scope of this proceeding is today, and I don't see any need for

an opening statement." Fouché then moved to dismiss for lack of jurisdiction, but as a preface to that motion she stated that the purpose of the evidentiary hearing was "to establish whether there was an amendment to the original cardholder agreement, which provided an arbitration agreement within that." She then added, "And, however, in order for there to be an amendment to an agreement, the original agreement or contract has to be entered into evidence on the record.... Of course there can be no determination of the subsequent contract without the original first being placed into evidence."

It is undisputed that Fouché's original cardholder agreement did not contain an arbitration clause. For the parties to have agreed to arbitration, the original cardholder agreement would have to have been amended. To prove that the parties agreed to arbitration, MBNA was required to prove that the original cardholder agreement or applicable law granted it the right to amend the agreement and that it followed the proper procedures in doing so. Its right to unilaterally amend the cardholder agreement was one of the issues that MBNA had to prove in order to establish that it had amended the agreement to include a provision for arbitration.

Next, it contends that the terms of the original cardholder agreement, including its right to amend the agreement, were established pursuant to Rule 56(d) of the Idaho Rules of Civil Procedure.[2] MBNA's motion for reconsideration was treated as a motion for summary judgment. Rule 56(d) provides that if a motion for summary judgment is denied, the trial court can "make an order specifying the facts that appear without substantial controversy.... Upon the trial of the action the facts so specified shall be

2. That Rule provides:
   If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It

shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

deemed established, and the trial shall be conducted accordingly."

In this case, however, the district court did not specify as an established fact that Fouché's original cardholder agreement included a provision giving MBNA the unilateral right to amend the agreement. In its order denying the motion, the court listed various facts that were in the record. The only listed fact regarding the terms of the cardholder agreement was that it "did not have an arbitration provision." The court did not list as an established fact that the cardholder agreement included a provision permitting MBNA to modify its terms.

MBNA argues that Fouché admitted that Exhibit A to the Ballinger affidavit was a true and correct copy of the original cardholder agreement. In her affidavit in opposition to MBNA's motion for reconsideration, she stated, "The original credit agreement did not contain an arbitration clause. (See Plaintiff's Exhibit A)." During argument on the motion, she said, "The defendant's original agreement with MBNA did not contain an arbitration agreement, plaintiff's Exhibit A." The only facts deemed established under Rule 56(d) are those that the trial court specifies in its order as being without substantial controversy. The Rule states, "Upon the trial of the action *the facts so specified shall be deemed established,* and the trial shall be conducted accordingly." (Emphasis added.) Facts that could have been, but were not, so specified are not deemed established.

Next, MBNA contends that Fouché offered the Ballinger affidavit into evidence during the trial. She questioned MBNA's witness about the fact that Exhibit A to the affidavit had a copyright date that was three years after she entered into her original cardholder agreement with MBNA, but she did not offer either the affidavit or Exhibit A into evidence.

Finally, MBNA points to the testimony of its witness that all of MBNA's numerous cardholder agreements "contain the same verbiage," but differ in appearance. That testimony does not establish that MBNA had the unilateral right to amend its cardholder agreement with Fouché. Testimony that all of the cardholder agreements "contain the same verbiage" does not by itself establish what that verbiage is because MBNA did not offer the terms of any cardholder agreement into evidence.

In finding that MBNA had amended Fouché's cardholder agreement, the district court also relied upon various statutes enacted in the state of Delaware. There was no evidence presented during the trial, however, showing that Delaware law applied to this case.

The district court found that Fouché's original cardholder agreement "did not have an arbitration provision, but gave MBNA the right to change the agreement under certain circumstances." There was no evidence admitted during the trial that supported the finding that MBNA had the right to change the agreement. Absent that evidence, MBNA failed to prove that it amended the cardholder agreement to add a provision requiring mandatory arbitration, and it therefore failed to prove that there was an agreement to arbitrate. The order of the district court confirming the arbitration award is reversed. Because of our resolution of this issue, we will not address the remaining issues that Fouché raised to challenge the confirmation of the arbitration award.

The district court did not decide MBNA's claim to recover for breach of contract, holding it was moot once the court confirmed the arbitration award. Since the confirmation of the arbitration award has been reversed, this case must be remanded for consideration of the breach of contract claim. We therefore vacate the judgment in its entirety and remand this case for further proceedings consistent with this opinion.

### B. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties request an award of attorney fees on appeal. Because we are remanding this case for a decision on MBNA's breach of contract claim, any determination of the prevailing party is premature until the case is finally resolved. *Lexington Heights Development, LLC v. Crandlemire,* 140 Idaho 276, 287, 92 P.3d 526, 537 (2004); *Thomas*

*v. Medical Center Physicians, P.A.*, 138 Idaho 200, 211, 61 P.3d 557, 568 (2002).

## IV. CONCLUSION

We reverse the confirmation of the arbitration award, vacate the judgment, and remand this case for determination of MBNA's breach of contract claim. We do not award costs on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.

