**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 35314-2008**

MIKE and VERLA BIRD, )
)  **Boise, May 2009 Term**
Plaintiffs-Appellants, )
)  **2009 Opinion No. 73**
v. )
)  **Filed: May 29, 2009**
GARY and LINDA BIDWELL, )
)  **Stephen W. Kenyon, Clerk**
Defendants-Respondents. )
)

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Fremont County. The Hon. Brent J. Moss, District Judge.

The judgment of the district court is affirmed.

Nalder Law Office, P.C., Idaho Falls, for appellants. Benjamin K. Mason argued.

Lynn Hossner, St. Anthony, for respondents.

_____

EISMANN, Chief Justice.

This is an appeal from a judgment dismissing an action seeking a determination that the plaintiffs had an implied easement by prior use. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Virgil and Lillis Mickelsen were the owners of an 80-acre parcel of property located in Fremont County. The property was rectangular in shape, with the long boundaries running north and south and the southern boundary bounded by a county road. The Mickelsens' house was located in the southwest corner of the property near the county highway.

In December 1995, the Mickelsens deeded three parcels of their property to their daughters and their respective husbands. For convenience, those three parcels will be called the northern parcel, the middle parcel, and the southern parcel.

The Mickelsens conveyed the northern parcel to Linda and Gary Bidwell (Defendants). This parcel contains about 23.561 acres located at the northern end of the 80-acre property. It is trapezoidal in shape because its southern boundary is a canal that runs diagonally across the 80-acre property in a southwest-northeast line. Because this parcel does not border on the county highway, the deed stated that the property conveyed included a "30 Ft. right of way into the property along the west side of property and through and around the existing buildings."[1] That right of way corresponded to a road that had been used for decades to access the northern end of the Mickelsens' property.

The Mickelsens conveyed the middle parcel to Verla and James Bird (Plaintiffs). It is located just south of the northern parcel and contains about 20.340 acres. It is generally trapezoidal in shape because its northern boundary is the canal, but it also includes a 66-foot wide, 1254-foot long, strip of land along the eastern boundary of the 80-acre property to provide access to the county highway. The deed to this parcel excepted "that part used for the 30 ft. right of way on west side of property."

The Mickelsens conveyed the southern parcel to Carol and Roger Murri. It contains about 16.894 acres and is located in the southwest corner of the 80-acre property, but excludes the Mickelsens' homestead. The deed also excepted "that part used for 30 ft. right of way on west side of property." The southern boundary of this parcel abuts the county highway. On October 6, 2000, the Murris deeded their parcel to the Defendants, and in June 2007 the Defendants received the homestead pursuant to Virgil Mickelsen's will.

On August 9, 2007, the Plaintiffs brought this action seeking a declaration that they have an implied easement by prior use in the road located along the western boundary and seeking an injunction preventing the Defendants from interfering with their use of that road. The matter was tried to the district court. It found that the Mickelsens did not intend to grant an easement by prior use to the Plaintiffs and entered judgment in favor of the Defendants. The Plaintiffs then appealed.

---

[1] Neither party asked the trial court to determine whether the phrase "30 Ft. right of way into the property along the west side of property and through and around the existing buildings" granted an easement or fee simple title, and we express no opinion on that issue.

## II.  ISSUES ON APPEAL

1. Did the district court err in considering whether the Mickelsens intended to grant an easement by prior use?

2. Is the district court's finding that the Mickelsens did not intend to grant an easement by prior use supported by substantial and competent evidence?

3. Is either party entitled to an award of attorney fees on appeal?

## III.  ANALYSIS

### A.  Did the District Court Err in Considering whether the Mickelsens Intended to Grant an Easement by Prior Use?

For decades prior to 1995, there was a road on the Mickelsens' property going from the county highway, through the homestead, and then north along the western boundary of the 80-acre parcel.  The road would provide access to the Plaintiff's parcel.  They filed this action seeking to establish an implied easement by prior use in that road.  To do so, they were required to prove three elements:

> (1) unity of title or ownership and a subsequent separation by grant of the dominant estate;  (2) apparent continuous use long enough before separation of the dominant estate to show that the use was intended to be permanent;  and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate.

*Thomas v. Madsen*, 142 Idaho 635, 638, 132 P.3d 392, 395 (2006).

The district court held that the Plaintiffs failed to prove the second element.  After considering the terms of the three deeds, the district court found that the Plaintiffs had failed to prove that the Mickelsens intended to grant an easement to the Plaintiffs.  The Plaintiffs contend that the district court erred in seeking to ascertain the Mickelsens' subjective intent.  They argue that the only inquiry relevant to this element is whether the use of the road was apparent and continuous for a long period of time prior to the separation of the dominant estate.

The second element includes as a necessary consideration the intent of the grantor at the time the dominant estate was separated.  The intent to grant or reserve the easement is presumed from apparent continuous use for a long period of time prior to that separation.  *Schultz v. Atkins*, 97 Idaho 770, 773, 554 P.2d 948, 951 (1976).  The easement is "based on the theory that when someone conveys property, they also intend to convey whatever is required for the beneficial use

3

and enjoyment of that property, and intends to retain all that is required for the use and enjoyment of the land retained." *Davis v. Peacock*, 133 Idaho 637, 643, 991 P.2d 362, 368 (1999). Because the intent to grant or reserve the easement is a necessary element, there is no logical reason to base the decision solely upon the grantor's presumed intent from prior use and to exclude other relevant evidence of that intent. Therefore, the district court did not err in considering that other evidence.

**B.   Is the District Court's Finding that the Mickelsens Did Not Intend to Grant an Easement by Prior Use Supported by Substantial and Competent Evidence?**

In reaching its decision that the Mickelsens did not intend to grant the Plaintiffs an implied easement by prior use, the district court relied primarily upon the provisions of the three deeds executed by the Mickelsens when they divided their property. The court noted that the deed conveying the northern parcel to the Defendants expressly granted them a 30-foot-wide right of way in the location of the existing road to access their parcel and that the other two deeds expressly excepted that right of way. The court inferred that by doing so the Mickelsens intended that the 30-foot right of way was only for access to the Defendants' northern parcel. In addition, the Plaintiffs expressly asked the Mickelsens to deed them the 66-foot-wide strip along the eastern boundary in order to provide access to the middle parcel from the county highway, and the Mickelsens did so. The court viewed that as further evidence that the Mickelsens did not intend to grant the Plaintiffs an easement in the existing road along the western boundary.

The Plaintiffs quibble with the court's reasoning and offer what they believe are other inferences that could be drawn from the evidence. "A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. When deciding whether findings of fact are clearly erroneous, this Court does not substitute its view of the facts for that of the trial court." *Thomas v. Madsen*, 142 Idaho 635, 637, 132 P.3d 392, 394 (2006) (citation omitted). "It is the province of the trial court to determine . . . the inferences to be drawn from the evidence." *KMST, LLC v. County of Ada*, 138 Idaho 577, 581, 67 P.3d 56, 60 (2003). The district court's inferences are reasonable, and its determination that the Mickelsens did not intend to grant the Plaintiffs an easement in the road along the western boundary of the 80 acres is supported by substantial and competent evidence.

4

**C. Is Either Party Entitled to an Award of Attorney Fees on Appeal?**

The Plaintiffs request an award of attorney fees on appeal pursuant to Idaho Code §§ 12-121 and 12-123, as do the Defendants. Attorney fees can be awarded to the prevailing party on appeal under Section 12-121 only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Fenwick v. Idaho Dept. of Lands*, 144 Idaho 318, 324, 160 P.3d 757, 763 (2007). Because this appeal involved an issue not previously decided by this Court, it was not brought frivolously, unreasonably, or without foundation. Section 12-123 does not apply on appeal to this Court. By its terms, an award of attorney fees as a sanction for frivolous conduct must be made "at any time prior to the commencement of the trial in a civil action or within twenty-one (21) days after the entry of judgment in a civil action." I.C. § 12-123(2)(a). The judgment in this case was entered on April 4, 2008.

## IV. CONCLUSION

We affirm the judgment of the district court. We award the respondents costs, but not attorney fees, on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

5