# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36041-2009

JOHN BAGLEY and TERRENCE BAGLEY, )
                                             )      **Idaho Falls, September 2010**

    **Plaintiffs-Respondents,**       )      **Term**

                                             )

**v.**                                       )      **2010 Opinion No. 107**

                                           )

BYRON T. THOMASON and MARILYNN   )      **Filed: October 6, 2010**
THOMASON,                           )

                                           )      **Stephen W. Kenyon, Clerk**

    **Defendants-Appellants.**        )

                                           )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Madison County. The Hon. Brent J. Moss, District Judge.

The judgment of the district court is <u>affirmed</u>.

Byron T. Thomason and Marilynn Thomason, pro se appellants, Rexburg. Marilynn Thomason argued.

Beard St. Clair Gaffney, PA, Idaho Falls, for respondents. John Avondet argued.

_____

EISMANN, Chief Justice.

This is an appeal from the grant of a partial summary judgment, certified as final, quieting title to certain real property in the plaintiffs. We affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

By warranty deed dated July 20, 2007, Marilynn Thomason and Byron T. Thomason, husband and wife, conveyed certain real property to Terrence Bagley and John Bagley. On the same date, Bagleys executed a contract agreeing to reconvey the property to Marilynn Thomason upon repayment of the purchase price, plus interest and points, on or before 12:00 p.m. on January 20, 2008. The contract provided that if that payment was not made, Thomasons "shall forever lose any legal rights to the land as deeded." Bagleys also agreed that Marilynn Thomason could continue to farm and maintain the property until that time.

On May 6, 2008, Bagleys filed this action seeking to quiet their title in the real property, to recover damages for trespass and slander of title, and foreclose upon the property if the warranty deed and reconveyance agreement were construed to be a mortgage.[1] Thomasons answered and filed a counterclaim seeking damages for duress, breach of contract, threats, and unjust enrichment.

On August 8, 2008, Bagleys filed a motion for partial summary judgment on their quiet title claim. They filed affidavits providing copies of the recorded warranty deed and the contract of reconveyance and stating that Thomasons had failed to make any portion of the payment due on January 20, 2008. After a hearing, the district court entered a decision granting the motion. On November 14, 2008, the court entered a partial judgment quieting the title to the real property in Bagleys. The court also certified the partial judgment as final pursuant to Rule 54(b)(1) of the Idaho Rules of Civil Procedure.

On December 22, 2008, Thomasons filed a notice of appeal. On February 9, 2009, the district court entered a judgment awarding Bagleys court costs, including attorney fees, in the sum of $12,225.36.

## II. ISSUES ON APPEAL

A. Did Bagleys lack standing to bring an action for quiet title to the real property?

B. Was the warranty deed void because it did not include the address(es) of Bagleys?

C. Did the district court err by failing to give Thomasons sufficient time for discovery?

D. Did the district court err in quieting title to the Bagleys in all water rights and fixtures appurtenant to the real property?

E. Did the district court err in granting the partial summary judgment without addressing Thomasons' counterclaims?

F. Did the district court err in entering the judgment for court costs, including attorney fees, without giving Thomasons an opportunity to be heard?

G. Is either party entitled to attorney fees on appeal?

---

[1] The Thomasons did not contend that the sale and contract to repurchase constituted a mortgage. *See Hogg v. Wolske*, 142 Idaho 549, 553-54, 130 P.3d 1087, 1091-92 (2006).

2

## III. ANALYSIS

### A. Did Bagleys Lack Standing to Bring an Action for Quiet Title to the Real Property?

Thomasons contend that Bagleys lacked standing to bring a quiet title action regarding the real property and that the district court therefore lacked jurisdiction. "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). To satisfy the requirement of standing litigants must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Troutner v. Kempthorne*, 142 Idaho 389, 391, 128 P.3d 926, 928 (2006).

Bagleys are the grantees of a warranty deed conveying the real property to them. The deed was executed by the Thomasons and was recorded. In fact, Marilynn Thomason alleges that she recorded the deed. "[R]ecordation of the deed at the grantor's knowledge and direction evidences a valid delivery of the deed to the grantee which encompasses the requisite intent of the grantor to pass title." *Hartley v. Stibor*, 96 Idaho 157, 160, 525 P.2d 352, 355 (1974). As grantees of the deed, Bagleys clearly had standing to bring a quiet title action.

Thomasons' standing arguments are based upon contentions regarding the validity of the warranty deed. They contend, "The respondents lacked standing under Idaho Statutes 55-601, 55-818, 55-813, 9-503, 45-901 and 902." They do not argue the applicability of any of those statutes except Idaho Code § 55-601.[2] However, we need not address that statute with respect to their standing argument.

As stated above, standing focuses upon the party seeking relief and not upon the merits of the issues that are to be litigated. Thomasons contend that under Idaho Code § 55-601, Bagleys should have lost on the merits of their claim that they had title to the real property.[3] A party's standing to bring an action is an issue that is entirely separate from the issue of whether the party

---

[2] Idaho Code § 55-818 permits recording a summary of an instrument creating an interest in, or affecting the title to or possession of real property rather than recording the original instrument. Idaho Code § 55-813 defines the word "conveyance." Idaho Code § 9-503 requires signed writings to transfer interests in real property. Idaho Code § 45-901 defines a mortgage, and section 45-902 requires mortgages to be in writing and executed with the same formalities as a grant or conveyance of real property.

[3] We express no opinion on Thomasons' argument regarding the failure to comply with Idaho Code § 55-601 or whether the warranty deed in this case failed to comply with that statute.

will prevail on the merits of the action. Section 55-601 has nothing to do with standing. As the record owners of the real property, Bagleys have standing to bring their quiet title action.

**B. Was the Warranty Deed Void Because It Did Not Include the Address(es) of Bagleys?**

Idaho Code § 55-601 provides: "A conveyance of an estate in real property may be made by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing. The name of the grantee and his complete mailing address must appear on such instrument." Thomasons contend that the warranty deed they gave to Bagleys is void because the deed did not contain the Bagleys' complete mailing address(es). Thomasons did not raise this issue in the trial court. "This Court will not consider issues raised for the first time on appeal." *Houston v. Whittier*, 147 Idaho 900, 911, 216 P.3d 1272, 1283 (2009).

**C. Did the Court Err in Failing to Give Thomasons Sufficient Time for Discovery?**

Thomasons contend that they were not provided adequate time for discovery before the district court granted Bagleys' motion for partial summary judgment. Bagleys filed their motion for partial summary judgment on August 8, 2008. Thomasons filed an objection to the motion, two affidavits, and a brief, but in none of those documents did they request additional time. The motion was heard on September 8, 2008. Thomasons have not pointed to anything in the record indicating that they ever asked the district court to give them more time. Absent a request for additional time, the district court obviously did not err in failing to sua sponte grant Thomasons more time to respond to Bagleys' motion for partial summary judgment.

**D. Did the District Court Err in Quieting Title to the Bagleys in All Water Rights and Fixtures Appurtenant to the Real Property?**

In its partial judgment, the district court quieted Bagleys' title in the real property "[t]ogether with any and all water rights and fixtures appurtenant thereto." Thomasons contend this was error because the warranty deed did not mention water rights or appurtenances and the reconveyance agreement recited, "The Grantees agree the deed is for bare land and does not include any manner or form of chattel."

"Unless they are expressly reserved in the deed or it is clearly shown that the parties intended that the grantor would reserve them, appurtenant water rights pass with the land even

4

though they are not mentioned in the deed and the deed does not mention 'appurtenances.' " *Joyce Livestock Co. v. United States*, 144 Idaho 1, 14, 156 P.3d 502, 515 (2007). The failure of the warranty deed to mention water rights or appurtenances did not prevent water rights appurtenant to the land from being conveyed with the real property.

Thomasons contend that the recitation that the warranty deed conveyed "bare land" means that it did not include appurtenant water rights. They do not cite any authority supporting their contention that "bare land" means land without water rights. The term "bare land" means land that does not have improvements constructed upon it. *See The Senator, Inc. v. Ada County, Bd. of Equalization*, 138 Idaho 566, 573, 67 P.3d 45, 52 (2003). The term has nothing to do with water rights, and the district court did not err in quieting Bagleys' title in the water rights appurtenant to the real property.

**E.   Did the District Court Err in Granting the Partial Summary Judgment Without Addressing Thomasons' Counterclaims?**

Thomasons contend that "the district court abused its discretion when ignoring the appellants' counter-complaint against the respondents for breach of contract, fraud and fraud by inducement, duress and unjust enrichment." Thomasons did not allege a claim for fraud or fraud in the inducement. They alleged in count one of their complaint that they suffered damages because they signed the warranty deed and contract for reconveyance under duress caused by those documents being presented to them about ten minutes before the real property would have been sold at a foreclosure sale. They alleged in count two of their complaint that they suffered damages when Bagleys asserted sole ownership of the real property and ownership of chattels and water shares. They alleged in count three of their complaint that after the time for them to repurchase the property had expired, Bagleys committed extortion by demanding that Thomasons remove all of their personal property from the real property and threatening adverse consequences if they failed to do so. They alleged in count four of their complaint that they were entitled to damages for unjust enrichment.

Thomasons have not presented any argument or authority as to why the court should have denied the motion for partial summary judgment until their counterclaims were decided. "We will not consider assignments of error not supported by argument and authority in the opening brief." *Hogg v. Wolske*, 142 Idaho 549, 559, 130 P.3d 1087, 1097 (2006).

5

**F. Did the District Court Err in Entering the Judgment for Court Costs, Including Attorney Fees, Without Giving Thomasons an Opportunity to Be Heard?**

On December 1, 2008, Bagleys filed a memorandum of costs seeking an award of court costs, including attorney fees. On February 9, 2009, the district court entered a judgment for the claimed costs. In its judgment, the court recited that Thomasons had failed to file an objection to those costs.

Thomasons contend in their brief that they did not receive notice of the hearing on February 9, 2009, until after the date of the hearing. There is nothing indicating that it was a hearing on the memorandum of costs. The register of actions indicates that it was a hearing on Bagleys' second motion for partial summary judgment on their cause of action for slander of title, although at that hearing they apparently presented to the district court their proposed judgment for court costs, including attorney fees.

An objection to claimed costs must be made by filing a motion to disallow part or all of those costs within fourteen days of service of the memorandum of costs. Idaho R. Civ. P. 54(d)(6). There is nothing indicating that Thomasons ever filed a timely objection to the claimed costs. "Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed." *Id*. Thus, by failing to timely object, Thomasons waived any objections to the costs claimed.

Because we can raise an issue of jurisdiction sua sponte, we will address whether the district court had jurisdiction to enter the judgment for court costs, including attorney fees. On November 14, 2008, the district court entered a partial judgment quieting Bagleys' title in the real property, and that judgment was certified as final pursuant to Rule 54(b)(1) of the Idaho Rules of Civil Procedure. On December 22, 2008, Thomasons filed their notice of appeal from that judgment.

Upon the filing of Thomasons' notice of appeal, the district court lost jurisdiction over the entire action except as provided in Rule 13 of the Idaho Appellate Rules. *Diamond v. Sandpoint Title Ins., Inc.*, 132 Idaho 145, 148, 968 P.2d 240, 243 (1998). Idaho Appellate Rule 13(b)(9) provides that the district court retains jurisdiction to "[m]ake any order regarding the taxing of costs or determination of attorneys fees incurred in the trial of the action." Thus, the

district court had jurisdiction to award costs, including attorney fees.[4] Because there is as yet no final judgment in the action, the judgment for costs is merely an interlocutory judgment subject to being revised or vacated.[5] *Baker v. Pendry*, 98 Idaho 745, 748, 572 P.2d 179, 182 (1977); Idaho R. Civ. P. 54(b)(1).

**G. Is Either Party Entitled to Attorney Fees on Appeal?**

Thomasons may have requested attorney fees on appeal. In their brief they acknowledged that pro se parties are not entitled to an award of attorney fees, but then they added, "[W]e argue we should be allowed because of the nature of the relief, unless the court finds that the appellants are entitle [sic] to damages by the hands of the respondents and their legal counsel." Assuming that this was a request for an award of attorney fees on appeal, Thomasons have not cited any authority supporting such request. "We have repeatedly held that we will not consider a request for attorney fees on appeal that is not supported by legal authority or argument." *Bream v. Benscoter*, 139 Idaho 364, 369, 79 P.3d 723, 728 (2003). Therefore, we deny Thomasons' request for an award of attorney fees on appeal, assuming that the above-quoted statement was such a request.

Bagleys also requested an award of attorney fees on appeal on several grounds. The partial judgment did not resolve all of the claims between Bagleys and Thomasons. Because a prevailing party is determined by who prevailed in the *action*, Idaho R. Civ. P. 54(d)(1)(B), there will have to be further proceedings in the trial court before a court can determine whether the Bagleys or the Thomasons is the prevailing party in this action. *MBNA America Bank, N.A. v. Fouché*, 146 Idaho 1, 4, 189 P.3d 4633, 466 (2008). When the prevailing party in the action

---

[4] Although the district court had jurisdiction to award costs, including attorney fees, they are awarded to the prevailing party in *the action*. Idaho R. Civ. P. 54(d)(1)(B) (emphasis added). Where a party prevails only in part, the court "may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained." *Id.* The court cannot do so after considering "all of the claims involved in the action and the resultant judgment or judgments obtained" until all of the claims between the relevant parties have been resolved. All of Bagleys' claims and Thomasons' counterclaims were not resolved when the district court awarded Bagleys court costs, including attorney fees, for prevailing on one of their claims. Thomasons have not argued on appeal that the district court erred in awarding costs before there was a prevailing party in the action, and nothing herein should be construed as holding that a trial court can award court costs, including attorney fees, on a piecemeal basis as each claim between the parties is decided.

[5] The record on appeal indicates that the district court continued to decide substantive claims in the case after the notice of appeal was filed. It had no jurisdiction to do so.

cannot yet be determined and there is a statute or contract providing that the prevailing party is entitled to an award of attorney fees, we would normally permit the trial court to award the prevailing party attorney fees for the appeal. *Lexington Heights Dev., LLC v. Crandlemire*, 140 Idaho 276, 287, 92 P.3d 526, 537 (2004). We will not do so in this case, however, because Bagleys have not properly requested an award of attorney fees for the appeal.

As an additional issue on appeal, they stated:

> The Bagleys are entitled to attorney fees on appeal pursuant to Idaho Code section 12-120(3) and as the prevailing party under Rule 54 of the Idaho Rules of Civil Procedure. *See Tyler* v. *Keeney,* 128 Idaho 524, 915 P.2d 1382 (Ct. App. 1996); *see also* IDAHO CODE ANN. §12-120(3) (2009). The Thomasons' appeal is also frivolous and attorney fees are awardable pursuant to Idaho Code §§ 12-121 and 12-123. See IDAHO CODE ANN. §§ 12-121 & 123. Idaho Appellate Rule 41 justifies the Bagleys' request for attorney fees on appeal and the Court may determine the amount awarded pursuant to this Rule.

In the argument portion of their brief, Bagleys did not address their request for an award of attorney fees. For example, they did not explain what provision in Idaho Code § 12-120(3) provides for an award of attorney fees in this case. They did not elucidate how Idaho Rule of Civil Procedure 54, which is applicable in the district courts and the magistrate's division of the district courts (Idaho R. Civ. P. 1(a)), grants the right to attorney fees on appeal. They did not explicate how Idaho Code § 12-123, which does not apply on appeal (*Bird v. Bidwell*, 147 Idaho 350, 353, 209 P.3d 647, 650 (2009)), applies to this particular appeal. They did not enlighten this Court as to how Idaho Appellate Rule 41, which does not provide authority to award attorney fees (*Swanson v. Kraft, Inc.*, 116 Idaho 315, 322, 775 P.2d 629, 636 (1989)), authorizes such an award here. Finally, they did not expound upon how this appeal meets the standard for awarding attorney fees under Idaho Code § 12-121, nor did they even state what that standard is.

In *Weaver v. Searle Brothers*, 129 Idaho 497, 503, 927 P.2d 887, 893 (1996), the appellant simply requested attorney fees "pursuant to I.C. §§ 12-120(3) and 12-121, I.R.C.P. 54 and I.A.R. 41." We held: "[Appellant] did not address this issue in the argument section of either of its briefs on appeal. Therefore, we do not address the issue because [appellant] has not complied with I.A.R. 35(a)(6)."[6] *Id.* The mere citation of Idaho Code § 12-121, even by a

---

[6] Idaho Appellate Rule 35(a)(6) requires that the argument division of an appellant's brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." Similarly, Rule 35(b)(6) requires that the

respondent, without providing any argument, is insufficient for an award of attorney fees on appeal. *Carroll v. MBNA America Bank*, 148 Idaho 261, ___, 220 P.3d 1080, 1089 (2009).

## IV.  CONCLUSION

We affirm the judgment of the district court.  We award costs on appeal, but not attorney fees, to respondents.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

---

argument division of a respondent's brief "shall contain the contentions of the respondent with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."  Thus, both appellant and respondent have the same obligation to address the issues presented, including attorney fees on appeal, in the argument portion of their briefs.