137 P.3d 456

**TUNGSTEN HOLDINGS, INC., a Montana corporation, Plaintiff–Respondent–Cross Appellant,**

and

**David Spence and Darla Spence, husband and wife, Plaintiffs,**

v.

**Barbara DRAKE, an individual; Leonard Browning, an individual, Defendants,**

and

**Thomas Boone, an individual, Defendant–Appellant–Cross Respondent.**

No. 31275.

Supreme Court of Idaho, Boise, April 2006 Term.

June 8, 2006.

Thomas Boone, Orofino, pro se appellant.

Featherston Law Firm, Sandpoint, for respondent.

BURDICK, Justice.

Thomas Boone (Boone) appeals to this Court from a district court decision granting injunctive relief and quieting title to an easement through Boone's property in favor of respondent Tungsten Holdings, Inc. (Tungsten). We reverse the judgment entered below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Theodore Spracklen and his mother Gladys Spracklen (the Spracklens) owned a significant amount of real property near Laclede, Idaho, lying north of Highway 2. At some point, possibly in 1971, the Spracklens allegedly sold portions of their property to Franz and Doris Siemsen and S & T Inc., an Idaho Corporation (collectively, the Siemsens). The record does not disclose what properties were purportedly sold to the Siemsens, nor does it contain the relevant deed(s). In 1971 the Siemsens recorded instrument number 135260 (instrument 135260), an agreement between themselves and the Spracklens in which the Spracklens granted six easements across portions of their property. Instrument 135260 does not appear to specify the identity or location of the dominant estate.

In 1995 Boone purchased a small and irregularly shaped parcel of land (the Boone

parcel) from Theodore Spracklen's estate. The Boone parcel sits north of Highway 2 and is traversed by a winding dirt road (Boone's road) running northwest from the highway. At a point just north of the Boone parcel, Boone's road intersects with another road that leads to the northwest if one turns left from Boone's road. The Boone parcel is in Section 36, Township 56 North, Range 4 West of the Boise Meridian, Bonner County, Idaho.

Tungsten claims that in 1997 it purchased one or more pieces of property located in the southern portion of Section 25. (Section 25 lies directly north of Section 36 where the Boone parcel is located.) The record does not include deeds conveying these properties to Tungsten, nor a chain of title. A legal description of the properties is contained in a document entitled "Owners Policy Schedule A (Continued)" that Tungsten asserts is part of a title policy. This "Owners Policy" was attached to Tungsten's complaint, but does not appear to have been entered into evidence. It is also unknown whether any of the land purchased by Tungsten was ever owned by the Siemsens, the grantees of the easement described in instrument 135260.

While Boone was away for a long period of time, he asked Leonard Browning (Browning), a neighbor, to look after the Boone parcel in his absence. Browning did not own property in the area, but lived nearby with Barbara Drake (Drake).

Tungsten made use of Boone's road to access its properties in Section 25, but in 1998 Tungsten began having problems using the road. Browning did work on the northern end of Boone's road, sometimes leaving equipment behind which made traversing the road difficult. Finally, Browning placed a gate across the road, which entirely blocked Tungsten's access to the road.

Tungsten responded by suing Boone, Browning, and Browning's friend Drake in

district court. Tungsten sought declaratory relief, an injunction, quiet title to a claimed express easement across the Boone parcel, and damages for interference with contract.[1] At trial the district court determined that Browning was not acting as Boone's agent when Browning obstructed access to the road, and as a result Tungsten's claim for damages against Boone was dismissed. Additionally, the court concluded no claims against Drake were supported by evidence, and she was dismissed from the suit. Following a bench trial, the district court determined that Browning was not liable to Tungsten for damages, but quieted title in the claimed express easement for ingress and egress across the Boone parcel to Tungsten and enjoined Boone and Browning from interfering with that easement. Costs were assessed against Boone. Boone timely filed the present appeal, and Tungsten cross-appealed.[2]

## II. ANALYSIS

In its decision the district court ruled that instrument 135260 created an express easement crossing Boone's parcel along Boone's road, and the court quieted title in that easement to Tungsten. On appeal, Boone contends that instrument 135260 unambiguously describes an easement that crosses neighboring property but not his own. Additionally, Boone argues Tungsten lacked standing to bring a suit to quiet title in the purported easement because Tungsten has not demonstrated it has an interest in the dominant estate. Tungsten cross-appeals, arguing that the district court erred in granting Tungsten an easement across the Boone parcel only as wide as the road. Tungsten maintains that it is entitled to an easement sixty feet in width.

### A. Standing

■■■ We turn first to the question of standing. Boone contends that Tungsten

---

**1.** In addition to instrument 135260, at trial Tungsten also argued that a second instrument, instrument 215982, granted Tungsten an express easement over the Boone parcel. Tungsten was unable, however, to establish that instrument 215982 was relevant to the case at hand because there was no evidence presented that the grantor of that instrument ever owned the Boone parcel.

As a result, the district court did not use instrument 215982 as a basis for its decision.

**2.** Prior to trial Tungsten sold the property it claims is served by an easement across Boone's parcel to David and Darla Spence. They were then added as plaintiffs to this action.

lacked standing to bring the present suit because it has not demonstrated ownership of the dominant estate. Because the issue of standing is jurisdictional, *Van Valkenburgh v. Citizens for Term Limits,* 135 Idaho 121, 124, 15 P.3d 1129, 1132 (2000), it may be raised at any time, *Hoppe v. McDonald,* 103 Idaho 33, 35, 644 P.2d 355, 357 (1982).

■■ Tungsten's claim to an easement across Boone's land springs solely from its argument that it holds an express easement appurtenant to property it owns in Section 25. "An easement appurtenant is a right to use a certain parcel, the servient estate, for the benefit of another parcel, the dominant estate. Essentially, an easement appurtenant serves the owner of the dominant estate in a way that cannot be separated from his rights in the land." *Hodgins v. Sales,* 139 Idaho 225, 230, 76 P.3d 969, 974 (2003) (internal citation omitted). Where there is an easement appurtenant to an identified dominant estate, unless the servitude provides otherwise the easement serves only that dominant estate; the existence of such an easement does not grant rights in the easement to the holders of parcels other than the dominant estate. *Christensen v. City of Pocatello,* 142 Idaho 132, 136, 124 P.3d 1008, 1012 (2005) (adopting Restatement (Third) of Property: Servitudes § 4.11). Only the owner of the dominant estate has standing to quiet title to an easement appurtenant to that estate. *Beach Lateral Water Users Ass'n v. Harrison,* 142 Idaho 600, 604, 130 P.3d 1138, 1142 (2006).

Boone argues that in order to have standing it was necessary for Tungsten to present a deed showing its ownership of the dominant estate. Boone previously raised the problem of the omitted deed(s) in a pretrial submission and defendant Drake raised the issue as well. No such deed appears in the record, nor a chain of title establishing Tungsten to be a successor in interest of the Siemsens, the grantees of the easement described in instrument 135260.

Tungsten did not claim until its post-trial brief that it was a successor in interest of the Siemsens. In that post-trial brief Tungsten stated that its "property was part of a larger parcel previously owned and divided up by Franz and Doris Siemsen and S & T, Inc, an Idaho corporation in the late 1970's." Tungsten did not reference any support for that assertion nor produce deeds showing that legal relationship.

■ In its decision the district court repeated Tungsten's assertion, finding that "Tungsten's property ... was previously owned and divided by Franz and Doris Siemsen in the late 1970's." Similarly, the district court did not reference any support for its finding. This Court will not set aside a trial court's findings of fact if those findings are supported by substantial and competent evidence. *Weaver v. Stafford,* 134 Idaho 691, 696, 8 P.3d 1234, 1239 (2000). In this instance, however, close examination of the record, exhibits, and trial transcripts reveals no evidence to support the district court's finding that Tungsten's property was previously owned by the Siemsens.[3] The claim made by Tungsten's counsel in the post-trial brief does not constitute evidence. *Meckling v. Fontes,* 125 Idaho 689, 693, 873 P.2d 1343, 1347 (Ct.App.1994). Accordingly, having found no support in the record for this finding by the trial court, it is vacated.

■ The next inquiry is whether Tungsten has any claim to be the beneficiary of the express easement created in instrument 135260. The question can be divided into two parts: first, what dominant estate is served by the easement; and second, has Tungsten demonstrated that it is the holder of all or part of that dominant estate?

Resolution of the first part of the question begins with examination of instrument 135260. This 1971 document lists the Spracklens, Boone's predecessor in interest, as the grantors and the Siemsens as the grantees. The identity of the servient estate is listed in an exhibit attached to instrument

---

**3.** In his pro se brief to this Court, Boone at one point writes that "Tungsten purchased his property from Siemsen/Bounelis...." Read in context it does not appear that Boone meant to concede the lineage of the Tungsten property— elsewhere in his briefs Boone stresses Tungsten's failure to demonstrate ownership of the dominant estate. Again that limited statement does not prove Tungston's property forms any part of the dominate estate.

135260, but the dominant estate is not identified. The closest instrument 135260 comes to specifying the dominant estate is in language stating that the named easements proceed "North [from Highway 2] to portions in the North Half of the North Half of Section 36, and portions of the South Half of Section 25...." That language does not explicitly state that the dominant estate(s) lie in those areas, but it could be read to imply as much. It is likely that in 1971 the Siemsens owned property nearby, but neither instrument 135260 nor the record reveals what property they owned in those areas or what "portions" of the north half of the north half of Section 36 or of the south half of Section 25 the parties intended to benefit from the easements.

As we do not know the location of the dominant estate, it is of course impossible to answer the second part of the question: whether Tungsten's property forms any part of it. Tungsten did not attempt to do so. In response to Boone's standing argument, Tungsten replies simply that "[t]he record is undisputed and contains multiple references to the real property owned by Tungsten Holdings, Inc. and located in Section 25, Township 56 North Range 4 West." As support, Tungsten provides two citations to the record and two citations to the trial transcript. The first citation to the record is from Tungsten's complaint and alleges only that Tungsten owns property in Section 25, not that the referenced property is the dominant estate. The second citation is to the previously mentioned excerpt from Tungsten's title policy attached to its complaint but not entered into evidence. That document describes several parcels of property in Bonner County, but does not link any of them to the dominant estate. The first citation to the trial transcript is to testimony from a realtor that she has listed properties in Section 25 for Tungsten's President, Rick Dinning (Dinning). The realtor's testimony implies that Tungsten owned property in the area, but does nothing to establish a relationship between that property and the dominant estate. The final citation is to testimony by Dinning. In his cited testimony Dinning states that Tungsten purchased property near Laclede in 1997 and in 1998 began to experience problems using Boone's road as an access route. Again, such testimony does not establish that Tungsten's property is part of the dominant estate formerly owned by the Siemsens.

In order to demonstrate that it has standing to bring the present action it is not enough for Tungsten to show that it owns property in the vicinity of an existing easement. To have standing to enforce the dominant estate's rights over the servient estate, Tungsten must demonstrate that it is the owner of that dominant estate. *Beach Lateral Water Users Ass'n,* 142 Idaho at 604, 130 P.3d at 1142; *see Christensen,* 142 Idaho at 136, 124 P.3d at 1012. Tungsten has failed to do so, and therefore the district court's judgment is reversed.

As a result of our holding, there is no need for our decision to reach the remaining issues.

## B.  Attorney Fees

■  Both Tungsten and Boone request attorney fees on appeal. Tungsten urges this Court to sanction Boone under I.A.R. 11.1 for filing an appeal not grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Boone's appeal is well grounded in fact and law, and sanctions against Boone under I.A.R. 11.1 are unwarranted.

■  Boone requests attorney fees pursuant to I.C. § 12–121. Idaho Code § 12–121 permits an award of attorney fees in a civil action to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation. *Mutual of Enumclaw Ins. Co. v. Pedersen,* 133 Idaho 135, 139, 983 P.2d 208, 212 (1999). The Court finds Tungsten's defense on appeal was not frivolous, and we therefore decline to grant attorney fees to Boone.

## III.  CONCLUSION

The district court's judgment is hereby reversed as a result of Tungsten's failure to establish its standing to bring the present

**74**

action. Costs, but not attorney fees on appeal, are awarded to Boone.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.

