152 P.3d 581

**TOWER ASSET SUB INC., a Delaware corporation, Plaintiff–Respondent,**

v.

**Douglas P. LAWRENCE and Brenda J. Lawrence, husband and wife, Defendants–Appellants.**

**No. 32092.**

Supreme Court of Idaho, Lewiston, August 2006 Term.

Jan. 26, 2007.

See also 143 Idaho 704, 152 P.3d 575, 2007 WL 195988

John P. Whelan, P.C., Coeur d'Alene, for appellants.

Owen, James, Vernon and Weeks, Coeur d'Alene, for respondent. Susan P. Weeks argued.

JONES, Justice.

Douglas and Brenda Lawrence appeal to this Court from a summary judgment order declaring the existence of a thirty foot wide express easement across their property in favor of Tower Asset Sub Inc. We vacate the summary judgment and remand to the district court for further proceedings.

## I.

This is the second of two cases involving the same basic question—whether property owned by the Lawrences is subject to an express easement for access to other property located near its eastern side. In the first case, *Capstar Radio Operating Company v. Lawrence*, 143 Idaho 704, 152 P.3d 575, 2007 WL 195988, we considered the same two instruments that are involved in this case and determined that summary judgment in favor of Capstar was not appropriate because the documents in question did not unambiguously grant an express easement over the Lawrence property. *Capstar* focused primarily upon the wording of a 1975 sale agreement and secondarily upon a 1992 warranty deed. The decision here deals primarily with the deed.

This case involves the right to use a private road, known as Blossom Mountain Road, located on Blossom Mountain, south of Post Falls. Blossom Mountain Road traverses the Lawrence property, which is located in the southeast quarter of section 21 (the "Lawrence parcel"), crossing into the southwest quarter of section 22, where Robert Hall owns certain property (the "Hall parcel"). Tower Asset Sub Inc. currently leases and occupies the Hall parcel.

The Lawrence parcel and the Hall parcel were once part of a single tract of land under the common ownership of Harold and Marlene Funk. In 1975, the Funks divided their land and sold what is now the Lawrence parcel to Human Synergistics, Inc. while retaining the southwest quarter of section 22. The Funks and Human Synergistics signed a sale agreement, which set forth that the parcel bought by Human Synergistics was:

> 5. Subject to and including an ingress egress easement over this and adjoining property in said sections 21 and 22 owned by the grantor and including an ingress egress easement over portions of Section 21 heretofore granted to the grantors. Said easement shall be over existing roads until such time as all record owners shall agree to the relocation, improvement and/or abandonment of all or any portions of any roads.

Seventeen years later, in 1992, the Funks executed and delivered a warranty deed conveying the Lawrence parcel to Human Synergistics. The warranty deed stated that the deed was given "in fulfillment of those certain contracts between the parties hereto dated July 1, 1975 and conditioned for the conveyance of the above described property." In 1996, after a number of other conveyances, the Lawrences acquired ownership of their parcel.

Tower initiated this lawsuit seeking declaratory and injunctive relief when the Lawrences refused to allow it to traverse Blossom Mountain Road. Tower argued it had the right to use Blossom Mountain Road to access its parcel, and alleged six causes of action to support its position: (1) express easement; (2) implied easement; (3) easement by necessity; (4) easement by prescription; (5) injunctive relief; and (6) breach of contract. After Tower moved for summary judgment, the district court ordered the par-

ties to limit their discovery, briefing, and arguments to the issue of express easement, and therefore did not address Tower's other causes of action. On summary judgment, the district court determined the deed was ambiguous, considered extrinsic evidence, and ruled in favor of Tower on the express easement cause of action. The Lawrences appeal that judgment.

## II.

In this opinion, we address three issues: (1) whether Tower has standing; (2) whether Hall is an indispensable party; and (3) whether the district court erred in declaring the existence of an express easement on summary judgment. In their briefing before this Court, the parties have argued a number of other issues but it is unnecessary to address them as a result of our ruling on the latter issue.

■ When reviewing a summary judgment order, this Court applies the same standard as the district court. *Freiburger v. J–U–B Engineers, Inc.*, 141 Idaho 415, 419, 111 P.3d 100, 104 (2005). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho R. Civ. P. 56(c). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Infanger v. City of Salmon*, 137 Idaho 45, 47, 44 P.3d 1100, 1102 (2002).

### A.

■ The Lawrences contend that Tower lacks standing to bring this suit because it failed to demonstrate an ownership or leasehold interest in the dominant estate. Standing is a subcategory of justiciability and is "a preliminary question to be determined by this Court before reaching the merits of the case." *Troutner v. Kempthorne*, 142 Idaho 389, 391, 128 P.3d 926, 928 (2006). The

district court's Order Granting Motion for Summary Judgment and Entering Decree of Quiet Title granted: (1) a judgment quieting title in the easement in favor of Tower, and (2) injunctive relief permanently restraining the Lawrences from interfering with Tower's use of the easement. The question of standing must be addressed with respect to each form of relief.

■ This Court has established that title ownership is a prerequisite to quiet title to an easement appurtenant in favor of a dominant estate. *Beach Lateral Water Users Ass'n v. Harrison*, 142 Idaho 600, 604, 130 P.3d 1138, 1142 (2006); *Tungsten Holdings, Inc. v. Drake*, 143 Idaho 69, 72, 137 P.3d 456, 459 (2006). However, we agree with the Restatement (Third) of Property that an individual has standing to enforce the right to use an easement if he or she has the right to benefit from the easement. Restatement (Third) of Property: Servitudes § 8.1 (2000). Therefore, title ownership of the dominant estate is not a necessary prerequisite to obtain standing to enforce the right to use an easement. *Id.*

■ Hall, who is not a party to this suit, is the record owner of the alleged dominant estate.[1] As a result, Tower lacks standing to seek a quiet title declaration in its favor. However, since standing to enforce the right to use an easement is consistent with the right to benefit from the easement, Tower will have standing to seek injunctive relief if it can establish it has an alleged legal right to benefit from the Blossom Mountain Road easement. As lessee of the alleged dominant estate, Tower derives its right to use the alleged easement from its lessor, Hall.

We hold that Tower, as lessee of the alleged dominant estate, has standing to seek injunctive relief preventing the Lawrences from interfering with its alleged right to use the easement, but lacks standing to seek to quiet title to the easement.

### B.

■ The Lawrences argue that the district court erred in proceeding with this case be-

---

1. Tower presented uncontroverted evidence that the Hall parcel was intended to have the benefit of the access road across the Lawrence parcel.

However, that does not establish an express easement, which must be created by a written instrument.

cause Hall was an indispensable party to the litigation. Idaho Rule of Civil Procedure 19(a)(1) provides a party shall be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

This Court has held that joinder of all parties with an interest in the subject matter of the suit is not required; rather, only those who have an interest in the object of the suit should be joined. *Pro Indiviso, Inc. v. Mid–Mile Holding Trust,* 131 Idaho 741, 746, 963 P.2d 1178, 1183 (1998); *Idaho Irrigation Co. v. Dill,* 25 Idaho 711, 716, 139 P. 714, 716 (1914).

As we have already determined that Tower does not have standing to bring a quiet title action, we need not address whether Hall was an indispensable party to that portion of this case. With respect to Tower's request for injunctive relief, Tower's objective is to enforce its alleged right to use Blossom Mountain Road as an ingress/egress easement. This determination can be made without affecting Hall's rights because Tower need not quiet title to the easement in order to enforce any right it may have to use the easement. Therefore, Hall is not an indispensable party to the request for injunctive relief.

2. Of interest is the fact that in *Capstar* the same district judge determined the sale agreement and deed to be unambiguous. There is no explanation as to why the deed would be unambiguous in that case, while it is ambiguous in this case.

3. The record includes such an agreement. Shortly before the Lawrences purchased their property, their predecessors in interest entered into a written agreement with the owner of property in the southwest quarter of section 22, granting him a forty foot wide nonexclusive ingress and egress easement over the portion of the Lawrence property traversed by Blossom Moun-

## C.

The Lawrences contend that the district court erred in declaring the existence of an express easement over the Lawrence parcel. In reaching its conclusion, the district judge held that the 1992 warranty deed from the Funks to Human Synergistics was ambiguous [2] and that the Funks intended to except an express easement across the Lawrence parcel in favor of the Hall parcel.

An easement is the right to use the land of another for a specific purpose that is not inconsistent with the general use of the property by the owner. *Akers v. D.L. White Const., Inc.* 142 Idaho 293, 301, 127 P.3d 196, 204 (2005). An express easement, being an interest in real property, may only be created by a written instrument. *Shultz v. Atkins,* 97 Idaho 770, 773, 554 P.2d 948, 951 (1976) (citing I.C. § 9–503; *McReynolds v. Harrigfeld,* 26 Idaho 26, 140 P. 1096 (1914)). "No particular forms or words of art are necessary [to create an express easement]; it is necessary only that the parties make clear their intention to establish a servitude." *Benninger v. Derifield,* 142 Idaho 486, 489, 129 P.3d 1235, 1238 (2006) (quoting *Seccombe v. Weeks,* 115 Idaho 433, 436, 767 P.2d 276, 279 (Ct.App.1989)). An express easement may be created by a written agreement between the owner of the dominant estate and the owner of the servient estate.[3] It may also be created by a deed from the owner of the servient estate to the owner of the dominant estate.[4] Where the owner of the dominant estate is selling the property to be subjected to the servitude, an express easement may be created by reservation or by exception. "An express easement by res-

tain Road. The property to be benefited by this easement was near to, but did not include, the Hall property.

4. The record includes a deed wherein a predecessor in interest of the Funks granted an easement over the portion of Blossom Mountain Road traversing the Lawrence property to the General Telephone Company of the Northwest. That deed, dated October 16, 1966, benefited property owned by General Telephone in the southwest quarter of section 22, but not the Hall property.

ervation reserves to the grantor some new right in the property being conveyed; an express easement by exception operates by withholding title to a portion of the conveyed property." *Akers,* 142 Idaho at 301, 127 P.3d at 204.

In *Capstar,* the district court determined that the sale agreement, which had been recorded in the county records prior to the recording of the warranty deed, was effective, in and of itself, to create an express easement by written agreement. We determined that the language in the sale agreement was insufficient on its face to establish an express easement. As an additional ground for granting summary judgment, the district court cited *Seccombe v. Weeks,* which we found to be inapplicable. In addition, we expressed reservations about the precedential value of its holding.

As it did in *Capstar,* the district court held *Seccombe* to be controlling in this case. For the same reasons we stated in *Capstar,* that holding is in error and must be vacated.

In its bench ruling, the district court also determined the 1992 warranty deed to be ambiguous because it made reference to the sale agreement. The district court indicated that this and other evidence established the Funks' intent to "keep ingress and egress open" over the Lawrence parcel. However, the Funks' intent, whatever it may have been, is not sufficient to substitute for a writing that is effective to grant, reserve, or except an express easement. In *Capstar,* we held that the language of the sale agreement is insufficient to establish an express easement. There is no language in either the sale agreement or the 1992 warranty deed, whether the documents are considered separately or in combination, that is sufficient to establish an express easement.

Final resolution of this case would have been expedited, had the district court not confined its inquiry to the express easement issue. Based on evidence submitted to the court, certain of the other theories showed greater promise from Tower's standpoint and it is unfortunate that those theories were not fully developed and decided upon. By confining its consideration to the express easement issue, justice in this case has been delayed. We hold that the district court erred in its conclusion that an express easement existed in favor of the Hall parcel, and we therefore vacate the summary judgment.

## III.

The district court's order for summary judgment is vacated and the case is remanded to that court for further proceedings consistent with this opinion.

Chief Justice SCHROEDER, and Justices TROUT and BURDICK concur.

Justice EISMANN, concurring in part and concurring in the result.

I concur in Parts II.A. and II.B. of the majority opinion, and I concur in the result with respect to Part II.C.

The district court's finding of an express easement in this case was based upon the 1992 warranty deed from the Funks to Human Synergistics. The contract provided that the sale was:

5. Subject to and including an ingress egress easement over this and adjoining property in said sections 21 and 22 owned by the grantor and including an ingress egress easement over portions of Section 21 heretofore granted to the grantors.

The contract recited that the Funks had executed a deed conveying the property to Human Synergistics and provided that a copy of the contract and a warranty deed would be placed in escrow. That apparently was not done because the Funks later executed a warranty deed on November 18, 1992. That deed did not reserve or grant any easement. The district court held that the above-quoted sentence in the real estate contract created an easement. The district court did not explain how it could have done so.

Under the doctrine of merger, any recitals in the real estate contract were merged into the deed. As we stated in *Jolley v. Idaho Securities, Inc.,* 90 Idaho 373, 382, 414 P.2d 879, 884 (1966) (quoting *Continental Life Ins. Co. v. Smith,* 41 N.M. 82, 64 P.2d 377 (1936)), "When a deed is delivered and accepted as performance of the contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those con-

tained in the contract, the deed alone must be looked to to determine the rights of the parties...." There is no question that the deed in this case was delivered and accepted in performance of the real estate contract. It recites that it was.

This deed is given in fulfillment of those certain contracts between the parties hereto dated July 1, 1975 and conditioned for the conveyance of the above described property, and the covenants and warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

The recital does not incorporate the contract by reference, but merely excludes from the warranties of title, quiet enjoyment, and against encumbrances any defect arising out of the purchaser's conduct during the time from the contract of sale to the issuance of the warranty deed. Thus, under the doctrine of merger, any purported reservation or grant of an easement in the real estate contract would be irrelevant. The district court erred in attempting to create an easement based upon the real estate contract.