# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 43082

| | | |
|---|---|---|
| SPECTRA SITE COMMUNICATIONS, INC., | ) | |
| | ) | **Boise, June 2016 Term** |
| Plaintiff-Respondent, | ) | **2016 Opinion No. 85** |
| | ) | |
| v. | ) | **Filed: July 27, 2016** |
| | ) | |
| DOUGLAS P. LAWRENCE, | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| Defendants-Appellants. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Steve Verby, District Judge.

The decision of the district court is <u>affirmed</u>. Costs on appeal are <u>awarded</u> to respondent.

Clark and Feeney, Lewiston, attorneys for appellant. Jeremy Carr argued.

James, Vernon & Weeks, Coeur d'Alene, attorneys for respondent. Susan P. Weeks argued.

_____

W. JONES, Justice

In an appeal arising out of Kootenai County, Douglas and Brenda Lawrence ("the Lawrences") challenge a district court judgment enjoining them from interfering with, impeding, or preventing Spectra Site Communications, Inc. ("Spectra") from using or maintaining Blossom Mountain Road, which traverses the Lawrences' property. Spectra leases property owned by Robert and Mark Hall (the "Halls") located east of the Lawrence property.

After a six-day bench trial, the district court held that Spectra had proven that the Halls have an easement implied by prior use and an easement implied by necessity. Accordingly, the district court found that Spectra, as a lessee of the Halls, was entitled to use and maintain Blossom Mountain Road. The district court also awarded Spectra costs and attorney fees. The

1

Lawrences appealed, arguing, *inter alia*, that the district court erred in finding that the Halls have the easement upon which Spectra's injunctive relief is based.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### 1. Factual Background

All of the property involved in this case is located in Township 50 North, Range 5 West, Boise Meridian, Kootenai County, Idaho. Specifically, the Lawrences and the Halls own property on Blossom Mountain, which is located south of Post Falls, Idaho. The Lawrence property is located in the southeast quarter of Section 21. The Hall property, which Spectra leases, is located in Section 22. Section 21 is directly west of Section 22. Signal Point Road is the only public road that provides access to the private easement road, Blossom Mountain Road. In turn, Blossom Mountain Road provides sole access to all of the property subject to this litigation.

Both the Lawrence property and the Hall property were once part of a larger tract of land owned by Harold and Marlene Funk (the "Funks"). The Funks purchased their property in 1969, which consisted of land in Section 15, Section 21, and Section 22. In 1975, the Funks sold most of their property to Human Synergistics.[1] Seven sales agreements were recorded reflecting the sale of separate parcels of land in Sections 21, 15, and 22. Each of the seven sales agreements included the following language:

> 5. Subject to and including an ingress egress easement over this and adjoining property, in Said [sic] Sections 21 and 22 owned by the grantor and including an ingress egress easement over portions of Section 21 heretofore granted to the grantors. Said easement shall be over existing roads until such time as all record owners shall agree to the relocation, improvement and/or abandonment of all or any portions of any roads. This easement is also over similar lands in section 15.

The relevant chain of title for the Lawrence property is as follows: Funks to Human Synergistics; Human Synergistics to Johnson & McHugh; Johnson & McHugh to National Associated Properties; National Associated Properties to the Farmanians; and the Farmanians to the Lawrences. The relevant chain of title for the Hall property, which is leased to Spectra, is as follows: Funks to Rasmussen and Chamberlain; Rasmussen and Chamberlain to Van Sky; Van Sky to Switzer Communications; Switzer Communications to Term Corp.; and Term Corp. to the Halls.

### 2. Procedural Background

---

[1] The property now owned by the Halls and leased to Spectra, was not sold to Human Synergistics.

This action first reached the Idaho court system in 2003 when Tower Asset Sub Inc. (Spectra's predecessor in interest and hereinafter "Tower") sought declaratory and injunctive relief after the Lawrences refused to allow it to traverse Blossom Mountain Road. The district court granted Tower summary judgment on its express easement claim, but that judgment was vacated and remanded by this Court. *Tower Asset Sub Inc. v. Lawrence*, 143 Idaho 710, 715, 152 P.3d 581, 586 (2007) (*Tower I*). Thereafter, Tower merged with Spectra and renewed its motion for summary judgment on the following three easement theories: (1) easement implied by necessity; (2) easement implied by prior use; and (3) easement by prescription. The district court granted summary judgment on all three theories, which the Lawrences appealed. This Court dismissed that appeal as premature because the district court had not yet entered a final judgment from which an appeal could be taken. *Tower Asset Sub Inc. v. Lawrence*, 149 Idaho 621, 238 P.3d 221 (2010) (*Tower II*).

In 2013, following a six-day bench trial, the district court entered a judgment enjoining the Lawrences from interfering with, impeding, or preventing Spectra, its successors, assigns, agents, servants, contractors, employees or tenants from using or maintaining Blossom Mountain Road. The district court based this judgment on a finding that Spectra proved the existence of an easement implied by prior use and an easement implied by necessity across the Lawrences' property.

This is the second of two cases addressing the same question: Whether the Lawrence property is subject to an implied easement allowing access to property on its eastern side. In the first case, *Capstar Radio Operating Co. v. Lawrence*, No. 42326, 2016 WL 3610540 (Idaho June 29, 2016), we held that the district court did not err in determining that Capstar Radio Operating Company ("Capstar") had an easement implied by prior use over Blossom Mountain Road as it traverses the Lawrence property. *Id.* at *11. Capstar's property is located in Section 22, near the Halls' property. Blossom Mountain Road provides sole access to both properties. While the respondents in *Capstar* differ from those in the present case, the cases share common facts, witnesses, issues, and appellants.[2]

---

[2] A subtle but important difference between *Capstar* and the case at hand is that Capstar, the party seeking the easement, owns the property accessed by Blossom Mountain Road. Accordingly, after the requisite elements were proven, the district court recognized, and this Court affirmed, that Capstar had an easement over the Lawrence property. Here, Spectra merely leases the property accessed by Blossom Mountain Road. As a lessee, Spectra cannot hold an easement over the Lawrence property. However, a lessee can seek injunctive relief based upon a

## III. ISSUES ON APPEAL

1.      Whether the district court erred in finding that Spectra has standing to seek injunctive relief in order to prevent the Lawrences from interfering with its right to use Blossom Mountain Road.

2.      Whether the district court erred in granting Spectra a permanent injunction based upon the Halls' easement implied by prior use.

3.      Whether the district court erred in determining the scope of the easement.

## IV. STANDARD OF REVIEW

"This Court reviews factual findings made after a trial without a jury for clear error." *Coward v. Hadley*, 150 Idaho 282, 286, 246 P.3d 391, 395 (2010) (citing I.R.C.P. 52(a)). "We will not disturb findings of fact that are supported by substantial and competent evidence, even if there is conflicting evidence." *Backman v. Lawrence*, 147 Idaho 390, 394, 210 P.3d 75, 79 (2009) (quoting *Akers v. D.L. White Constr., Inc.*, 142 Idaho 293, 298, 127 P.3d 196, 201 (2005) (*Akers I* )). Substantial evidence is that which a reasonable trier of fact would accept and rely upon it in determining findings of fact. *Id.* We freely review the district court's conclusions of law. *Coward*, 150 Idaho at 286, 246 P.3d at 395 (citing *Carney v. Heinson*, 133 Idaho 275, 278, 985 P.2d 1137, 1140 (1999)).

*Machado v. Ryan*, 153 Idaho 212, 217, 280 P.3d 715, 720 (2012). "[T]his Court will give due regard to the district court's appraisal of the credibility of witnesses who personally appear before the court." *Backman v. Lawrence*, 147 Idaho 390, 394, 210 P.3d 75, 79 (2009) (citing *Hughes v. Fisher*, 142 Idaho 474, 479–80, 129 P.3d 1223, 1228–29 (2006)).

## V. ANALYSIS

**A.      The district court did not err in finding that Spectra has standing to seek injunctive relief in order to prevent the Lawrences from interfering with its right to use Blossom Mountain Road.**

The Lawrences argue on appeal that Spectra did not have the standing required to establish the existence of an easement and therefore the district court erred by establishing an easement in this case. The Lawrences' argument is misguided because Spectra never requested the award of an easement, nor did the district court purport to grant Spectra an easement. Rather, Spectra requested injunctive relief, which is precisely what the district court granted.

In *Tower I*, this Court held as follows:

---

landowner's easement. Thus, the injunctive relief granted to Spectra by the district court was based upon Spectra's claim that the Halls have an easement over the Lawrence property.

> Hall, who is not a party to this suit, is the record owner of the alleged dominant estate. As a result, Tower lacks standing to seek a quiet title declaration in its favor. However, since standing to enforce the right to use an easement is consistent with the right to benefit from the easement, Tower will have standing to seek injunctive relief if it can establish it has an alleged legal right to benefit from the Blossom Mountain Road easement. As lessee of the alleged dominant estate, Tower derives its right to use the alleged easement from its lessor, Hall.
>
> We hold that Tower, as lessee of the alleged dominant estate, has standing to seek injunctive relief preventing the Lawrences from interfering with its alleged right to use the easement, but lacks standing to seek to quiet title to the easement.

143 Idaho at 713, 152 P.3d at 584.

We hold that the district court did not err because, although Spectra may not have had standing to establish an easement, it did have standing to seek injunctive relief in order to prevent the Lawrences from interfering with its right to use Blossom Mountain Road. The amended final judgment in this case specified that Spectra was awarded injunctive relief in order to use and maintain the easement. It did not purport to establish the existence of the easement, nor did it make any sort of quiet title declaration.

**B.    The district court did not err in granting Spectra a permanent injunction based upon the Halls' easement implied by prior use.**

The Lawrences assert that the Halls do not have an easement implied by prior use because two of the three material elements–apparent continuous use, and reasonable necessity for the proper enjoyment of the dominant estate–were not proven. The Lawrences argue that the record is devoid of any facts showing apparent continuous use by Mr. Funk preceding the separation of the estates, which would be sufficient to demonstrate that he intended such use to be permanent. Further, the Lawrences argue that the district court erred in finding that the sales agreements between the Funks and Human Synergistics satisfy the purpose of the apparent continuous use element.

Additionally, the Lawrences argue that the easement is not reasonably necessary because the Mellick Road public right of way, albeit undeveloped, extended to the Funks' retained property in Section 15; thus, the implied easement fails because the Funks had alternative access to their property. The Lawrences further claim that Mr. Funk, by failing to clear the logging roads prior to severing the estates, created reasonable necessity by his own actions.

To establish an implied easement by prior use, a party must prove three elements:

5

(1) unity of title or ownership and a subsequent separation by grant of the dominant estate; (2) apparent continuous use long enough before separation of the dominant estate to show that the use was intended to be permanent; and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate.

*Bird v. Bidwell*, 147 Idaho 350, 352, 209 P.3d 647, 649 (2009) (quoting *Thomas v. Madsen*, 142 Idaho 635, 638, 132 P.3d 392, 395 (2006)).

In *Capstar*, we clarified that "evidence of apparent and continuous use does not, in and of itself, create an implied easement. Rather, it is merely evidence of the presumed intent of the parties; more specifically, that the parties intended to create an easement." *Capstar*, No. 42326, 2016 WL 3610540 at *7. Further, we held that other relevant evidence–in this case, the language in the sales agreements–may be considered by a trial court in determining the presumed intent of the parties. *Id.*

Regarding the third element:

Strict necessity is not required to establish an implied easement by prior use. *Davis*, 133 Idaho at 642–43, 991 P.2d at 367–68. Rather, the party seeking to establish the easement need only prove reasonable necessity, which "is something less than the great present necessity required for an easement implied by necessity." *Id.* at 642, 991 P.2d at 367. "When determining whether such 'reasonable necessity' existed, a court does not look to the present moment, but instead determines whether reasonable necessity existed at the time the dominant and servient estates were severed." *Akers I*, 142 Idaho at 302, 127 P.3d at 205. Because an implied easement from prior use requires only reasonable necessity, not great present necessity, there is no requirement that the dominant estate be landlocked. *Davis*, 133 Idaho at 643, 991 P.2d at 368.

*Id.*

Here, it is undisputed that the property in question was once in common ownership by the Funks, establishing the required unity of title. It was separated in 1975, with the Funks retaining ownership of the dominant estate. Thus, the first element–unity of title and subsequent separation–is satisfied.

In *Capstar*, we held that the district court did not err in finding that the apparent and continuous use element was satisfied where language in sales agreements between the Funks and Human Synergistics, along with Mr. Funk's testimony as to his intent, constituted substantial, competent evidence that the parties intended to create an easement over Blossom Mountain Road. *Id.* at *7. Here, the district court relied on the same testimony and sales agreements to determine that the apparent and continuous use element was satisfied. Consonant with our

6

finding in *Capstar*, and on the same bases, we hold that the district court did not err in determining that the apparent and continuous use element is satisfied.

In *Capstar*, after a comprehensive review of the relevant facts, we concluded that substantial, competent evidence supported the district court's finding that the easement in question was reasonably necessary. *Id.* at *7–11. Our review of the facts in *Capstar* is relevant to the case at hand because the Spectra and Capstar properties are located such that, despite the nearby undeveloped Mellick Road, sole access to each property is provided by the easement road in question. For the same reasons articulated in *Capstar*, we hold that substantial, competent evidence supports the district court's conclusion that the easement road is reasonably necessary.

In sum, we hold that the district court did not err in granting Spectra a permanent injunction based upon the Halls' easement implied by prior use over Blossom Mountain Road as it passes through the Lawrence property. Consequently, there is no need to analyze the prescriptive easement issue.

## C. The district court did not err in determining that the scope of the Halls' easement was for unlimited reasonable use.

The Lawrences argue that the scope of the Halls' easement should be "limited for egress and ingress for purposes of maintaining radio towers" rather than "unlimited reasonable use." The Lawrences acknowledge that there is no authority for limiting an implied easement, but claim Idaho case law supports the proposition that prescriptive easements are to be closely scrutinized by courts and should not impose a substantial increase or change of burden on the servient tenement. The Lawrences contend that the scope of an implied easement should be limited for the same reason the scope of a prescriptive easement is limited. In application, the Lawrences argue that the use of Blossom Mountain Road has always been limited to the maintenance of radio towers on the property and should be limited to such use in the future.

In *Capstar*, we upheld the district court's conclusion that "as long as the use of the easement is reasonably necessary to provide access to the properties and tenants in Section 22, there are no strictures on such use and this court declines the invitation to impose restrictions at this stage of the proceedings." *Id.* at *11. We also hold that the district court did not err in determining that the scope of the implied easement by prior use is for unlimited reasonable use.

## VI. CONCLUSION

We affirm the district court's determination that: (1) Spectra has standing to seek injunctive relief in order to prevent the Lawrences from interfering with its right to use Blossom

7

Mountain Road; (2) the Halls have an implied easement by prior use upon which Spectra's permanent injunction is based; and (3) the scope of the Halls' implied easement is for unlimited reasonable use. Costs on appeal to Spectra. No attorney's fees are granted as neither party requested attorney's fees on appeal.

Chief Justice J. JONES and Justices EISMANN, BURDICK and Justice *pro tem* KIDWELL, CONCUR.