**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52229**

| | | |
|---|---|---|
| JAMES HERBERT and LINDA HERBERT, TRUSTEES OF THE HERBERT FAMILY REVOCABLE LIVING TRUST, | ) ) ) ) ) | Filed: November 25, 2025 |
| | ) | Melanie Gagnepain, Clerk |
| Plaintiffs-Respondents, | ) ) | THIS IS AN UNPUBLISHED |
| v. | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| | ) | |
| CASEY KIRK, an individual, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge.

Judgment quieting title, affirmed.

Bistline Law, PLLC; Arthur M. Bistline, Coeur d'Alene, for appellant. Arthur M. Bistline argued.

Lake City Law Group, PLLC; Laura Aschenbrener, Coeur d'Alene, for respondents. Laura Aschenbrener argued.

_____

LORELLO, Judge

Casey Kirk appeals from a judgment quieting title. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a property dispute between James Herbert, Linda Herbert, and Kirk over a road running along the boundary between their properties. Charles and Rhea Myers originally owned both parcels of property subject to this dispute. In 1976, the Myers conveyed one parcel (the Kirk property) to Michael Weston and, in 1977, conveyed the second parcel to the Herberts. In 2017, Weston sold the Kirk property to the Tormozovs. In 2021, the Tormozovs sold the property to Kirk. Before purchasing the Herbert property, James Herbert toured it with Charles

1

Myers, who at the time was living in the residence on the property. The Herbert property included a barn and horse corrals on its southern portion. During the tour, James Herbert and Charles Myers traveled on the road now in dispute. Charles Myers explained that the property line ran somewhere along the road, although he admitted he was unsure of its precise location. After purchasing the property, the Herberts established a residence and tree farm, which they continue to maintain. The Herberts have continued to use the disputed road to access the southern portion of their property, including their tree farm, as well as for logging and tree harvesting operations in nearby areas. Years later, James Herbert had the disputed road surveyed. The survey depicted the road running along the boundary separating the Kirk and the Herbert properties and indicated that it curved onto the Kirk property twice.

In 2023, Kirk built a fence that blocked part of the disputed road and restricted the Herberts' access. Thereafter, the Herberts filed a claim to quiet title, asserting they had an implied easement by prior use over the road. Kirk filed an answer generally denying the allegations and asserting no affirmative defenses. The Herberts subsequently filed a motion for summary judgment. Kirk responded to the Herberts' motion and simultaneously filed a motion to amend her answer to assert a statute of limitations defense. Following a hearing on the Herberts' motion for summary judgment, the district court took the matter under advisement. Thereafter, the district court held a hearing on Kirk's motion to amend. At the hearing, the district court asked both parties to file additional briefing solely on the issue of Kirk's proffered statute of limitations defense and its application to the Herberts' pending motion for summary judgment. Kirk filed two documents in response--neither document addressed the proposed statute of limitations defense. As a result, the Herberts filed a motion to strike both of Kirk's documents. Ultimately, the district court granted the Herberts' motion for summary judgment, concluding the evidence established that the Herberts had an implied easement over the disputed road. The district court also granted the Herberts' motion to strike both of Kirk's documents as untimely and denied the motion to amend. As a result, the district court did not consider the documents for the purposes of summary judgment. Kirk appeals.

## II.

### STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

Kirk argues the district court erred in granting the Herberts' motion for summary judgment as to their claim for an implied easement by prior use because, Kirk maintains, the Herberts failed to present "evidence of the reasonable necessity of the disputed road at the time of severance." Kirk also asserts the district court erred in denying her motion to amend her answer to assert a statute of limitations defense. The Herberts respond that the record and applicable law support the district court's decisions. We hold that Kirk has failed to show error in the district court's decisions awarding the Herberts summary judgment and denying Kirk's motion to amend.

### A.      Summary Judgment

Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010).

3

An easement is the right to use the land of another for a specific purpose that is not inconsistent with the general use of the property by the owner. *Akers v. D.L. White Const., Inc.*, 142 Idaho 293, 301, 127 P.3d 196, 204 (2005). To establish an implied easement by prior use, three elements must be established: (1) unity of title or ownership and a subsequent separation by grant of the dominant estate; (2) apparent continuous use long enough before separation of the dominant estate to show that the use was intended to be permanent; and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate. *Spectra Site Commc'ns, Inc. v. Lawrence*, 160 Idaho 570, 574, 377 P.3d 75, 79 (2016). Reasonable necessity does not require strict necessity, nor does it require the property to be landlocked. *Aizpitarte v. Minear*, 170 Idaho 186, 197, 508 P.3d 1260, 1271 (2022). Instead, the question is whether reasonable necessity existed at the time the dominant and servient estates were severed. *Id*. The owner of the dominant estate has the burden of showing the existence of facts necessary to create an easement by implication pertinent to the estate. *Id*. at 193, 508 P.3d at 1267. This doctrine presumes that, if a particular access route was in use at the time of severance, such use was meant to continue. *Id*.

The Herberts' quiet title claim asserts they were entitled to use the disputed road because the evidence showed they had either a prescriptive easement or an implied easement by prior use. On summary judgment, the district court concluded the Herberts failed to establish the necessary "element of open and notorious use" for the prescriptive period. Consequently, the district court denied the Herberts' motion for summary judgment as to their claim for a prescriptive easement.[1] However, the district court granted the Herberts' motion for summary judgment as to their implied easement claim. The district court noted it was "undisputed that the Myers owned both the Kirk property and the Herbert property until 1976," which established "the necessary 'unity of title or ownership.'" Thus, the district court found "the first element of an implied easement by prior use ha[d] been met." Regarding the second element requiring "apparent continuous use," the district court noted that "the Myers continued to reside on the [Herbert] property and use the [disputed road] to access the barn and horse corrals until the property was sold to the Herberts in 1977." Because Kirk did "not dispute these facts," the district court determined "the second element of an implied easement by prior use ha[d] been met."

---

[1]    Neither party challenges this conclusion on appeal.

Finally, the district court determined that the third element of an implied easement--requiring the easement be reasonably necessary for the proper enjoyment of the dominant estate--was satisfied. The district court acknowledged Kirk's argument that there was "no evidence in the record that the [disputed road] was reasonably necessary to the Myers['] enjoyment of" their property. The district court found, however, that Kirk failed to "offer any evidence by way of declaration or affidavit" to support her assertion. The district court determined it was "undisputed that [Charles] Myers used the [disputed road] to show [James] Herbert the southern portion of the Herbert property in 1977." Additionally, the district court found it "undisputed that the road provides the only feasible access to the southern portion of the Herbert property during the wetter months due to its higher elevation." The district court noted that, pursuant to *Aizpitarte*, 170 Idaho at 197, 508 P.3d at 1271, the use of the disputed road did "not have to rise to the level of strict necessity--only to a reasonable necessity." As a result, the district court found "the third element establishing that the [disputed road] was reasonably necessary for" the Myers' enjoyment of their property was satisfied. Consequently, the district court concluded that "an implied easement over the Kirk property existed in 1976 in favor of the Myers." The district court further found that, because the Myers had an implied easement to the disputed road, "that easement was conveyed to the Herberts in 1977 upon the purchase of the Herbert property." Because Kirk presented "no evidence sufficient to create a genuine issue for trial," and "viewing the facts and all inferences in the light most favorable to the nonmoving party," the district court concluded "that the Herberts have an implied easement by prior use over the" disputed road.

On appeal, Kirk argues the district court erred in awarding the Herberts summary judgment on their claim for an implied easement by prior use. According to Kirk, the Herberts "failed to present evidence that the disputed road was reasonably necessary to [the Myers'] use of [their] parcel when [the Myers] sold the adjoining parcel to Weston" in 1976. Kirk claims that, "at best, all that can be said is that the [disputed road] was a matter of convenience at the time of severance." We disagree.

Contrary to Kirk's argument, the evidence in the record supports the district court's finding that the disputed road was reasonably necessary for the Myers' enjoyment of their property at the time of severance. Specifically, the record shows that Charles Myers and James Herbert traveled on the disputed road during the tour of the southern portion of the Herbert property prior to the

5

Herberts' purchase of the property. The record also shows that the disputed road provided the only feasible access to the southern portion of the Herbert property during the wetter months of the year due to the higher elevation of the disputed road. Kirk failed to offer any evidence to contest these findings before the district court and does not challenge the findings on appeal. Kirk's argument essentially asks this Court to reweigh the evidence--a task we do not perform. *See Neustadt v. Colafranceschi*, 167 Idaho 214, 227, 469 P.3d 1, 14 (2020) (holding that appellate courts in Idaho do not reweigh evidence).

The district court's finding that the "undisputed facts satisfy the third element [of an implied easement] establishing that the [disputed road] was reasonably necessary for the enjoyment of the Myers' property" is supported by the record. Kirk has failed to show error in the district court's conclusion that the Herberts have an implied easement by prior use over the disputed road.

## B.     Motion to Amend

A district court's decision to grant or deny a motion to amend is reviewed for an abuse of discretion. *McCreery v. King*, 172 Idaho 598, 603, 535 P.3d 574, 579 (2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Following the hearing on the Herberts' motion for summary judgment, the district court held a hearing on Kirk's motion to amend. There, the district court asked both parties to file additional briefing solely on the issue of Kirk's proffered statute of limitations defense and its application to the Herberts' pending motion for summary judgment. In response, Kirk filed two documents entitled "[Kirk's] Supplement Response to [Herberts'] Motion for Summary Judgment" and "Declaration of Doniece Morgan," intended to rebut claims the Herberts raised in their motion for summary judgment. More specifically, Kirk indicated that Morgan's declaration was submitted to rebut the Herberts' position that "a conversation occurred between [James] Herbert and Morgan in 2003, which put Morgan on notice that the Herberts were using" the disputed road. Because the Herberts' argument had "evolved," Kirk argued "fairness dictate[d]

6

that she be allowed to file additional evidence to contradict the argument." The Herberts responded with a motion to strike both of Kirk's documents, arguing the documents should not be considered because they were not solely limited to the statute of limitations issue and were submitted in an "effort to introduce additional evidence for purposes of summary judgment."

Ultimately, the district court granted the Herberts' motion to strike, thereby denying Kirk's motion to amend. The district court emphasized the time constraints of I.R.C.P. 56(b)(2), which provides that an opposing party's "answering brief and any opposing documents must be served at least 14 days before the date of the hearing." In this case, the district court held a summary judgment hearing on April 5, 2024. As a result, the district court explained that "any opposing documents were required to be filed by March 22, 2024." Regarding the conversation James Herbert had with Morgan, the district court determined that "the same conversation was referenced in the Herberts' opening brief on summary judgment." As such, the district court found "no merit in Kirk's argument that the Herberts" were raising a "new" argument for the first time in a reply brief. The district court also highlighted the limited scope of the supplemental briefing it requested, noting that "both parties were informed" at the hearing on Kirk's motion to amend that it "would allow briefing only as to the issue of the statute of limitations." According to the district court, "neither the declaration of Doniece Morgan nor Kirk's supplemental response to summary judgment address[ed] that issue." Instead, the district court found that Kirk's filings "attempt[ed] to insert issues of disputed fact for the purposes of defeating summary judgment 46 days after the deadline for filing documents and briefings in opposition had passed." The district court therefore concluded that "the documents [were] untimely and [declined to] consider them for the purposes of summary judgment."

On appeal, Kirk asserts the district court erred in denying her motion to amend her answer to assert a statute of limitations defense. Kirk contends that information in the declaration of Doniece Morgan establishes a genuine issue of material fact and supports Kirk's statute of limitations defense. More specifically, Kirk argues the district court abused its discretion in denying her motion to amend "because it incorrectly concluded that written notice of an adverse claim is not sufficient to commence the applicable statute of limitations." The Herberts respond that the district court properly exercised its discretion in denying Kirk's motion to amend because

7

the "catchall" statute of limitations defense in I.C. § 5-224 "should not apply to the Herbert's claim for" an implied easement.[2]  We agree with the Herberts.

The Idaho Supreme Court recently held:

Idaho Code section 5-224 is inapplicable to a claim of an easement by necessity. An easement by necessity is based on the public policy of encouraging the full use of Idaho's lands.  Barring such claims because they are not brought within a certain time period would significantly undermine this public policy.

*Easterling v. Clark*, ___ Idaho ___, ___, 574 P.3d 349, 364 (2025).

The Herberts contend that the Court's reasoning and holding in *Easterling* that I.C. § 5-224 is inapplicable to easements by necessity should extend to implied easements.  We agree.  As with easements by necessity, an implied easement from prior use is "created at the time of severance," and "the issue of reasonable necessity is based upon the circumstances that existed at that time."  *Thomas v. Madsen*, 142 Idaho 635, 638, 132 P.3d 392, 395 (2006).  Notably, "strict necessity is not required for the creation of an implied easement by prior use" and "all that is required is reasonable necessity."  *Id.*  As a result, and based on the Court's reasoning in *Easterling*, we hold that I.C. § 5-224 is inapplicable to an implied easement claim.

Moreover, Kirk's argument misconstrues the district court's findings.  The district court did not make findings of fact or conclusions of law as to the legal effect of the conversation between James Herbert and Morgan.  Rather, the district court found that Kirk's documents were "untimely" and declined to "consider them for the purposes of summary judgment" because they were filed forty-six days after the deadline for filing documents and briefing in opposition had passed--findings Kirk does not address nor challenge on appeal.  Consequently, Kirk has waived consideration of this issue on appeal.  *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (holding that a party waives an issue on appeal if either argument or authority is lacking).  Kirk's remaining arguments on appeal focus on attempting to establish that, as a result of the conversation between James Herbert and Morgan, the Herberts were "on notice at that point

---

[2]     Pursuant to I.A.R. 34(e), the Herberts filed supplemental authority citing *Easterling v. Clark*, ___ Idaho ___, 574 P.3d 349 (2025)--an Idaho Supreme Court case decided after briefing in this case was completed.  The Herberts are reminded that, although I.A.R. 34(e)(1) permits a party to supplement a brief with additional authority, the rule limits parties to identifying the issue on appeal to which the authority relates, without providing written argument.

that [their] use of the [disputed] road was challenged, and it was incumbent upon [the Herberts] to file suit" within the applicable time frame. For the reasons set forth above, these arguments miss the mark. Kirk has therefore failed to show the district court erred in denying her motion to amend.

## C.      Costs and Attorney Fees on Appeal

On appeal, the Herberts argue they are entitled to costs and attorney fees on appeal pursuant to I.A.R. 41 and 40, as well as I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990). The standard for an award of attorney fees has been satisfied in this case. Accordingly, the Herberts are awarded attorney fees on appeal. As the prevailing parties, the Herberts are also awarded costs on appeal.

## IV.

## CONCLUSION

Kirk has failed to show the district court erred in concluding that the Herberts have an implied easement by prior use over the disputed road. As a result, Kirk has failed to show the district court erred in awarding the Herberts summary judgment. Kirk has also failed to show the district court erred in denying her motion to amend. Accordingly, the judgment quieting title is affirmed. Costs and attorney fees on appeal are awarded to the Herberts as the prevailing party.

Judge HUSKEY and Judge TRIBE, **CONCUR**.